Joseph A. French, Esq. (JAF-3580)
Victoria Kennedy, Esq. (VK-2270)
29 Broadway, 27th Floor
New York, New York 10006
Ph: (212) 797-3544
Fax: (212) 797-3545
vkennedy@frenchcasey.com

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TUTOR TIME® LEARNING CENTERS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GKO GROUP, INC., TT OF NYC, LLC and ) <br> GABRIEL COLMENARES, ) <br> ) <br> Defendants. ) | Case No.   13 Civ. 2980 (JMF) <br><br> **MEMORANDUM OF LAW** |

Defendants GKO Group, Inc., TT of NYC, LLC and Gabriel Colmenares ("Defendants"), through undersigned counsel, hereby submit this memorandum of law in support of their motion pursuant to Local Civil Rule 1.6 and Southern District of New York Rule 13 for the Division of Business Among District Judges i) to designate this case as related to two cases pending in the Eastern District of New York styled as *Tutor Time Learning v. Gabriel Colmenares, KOG Industries, Inc. and Gabeco Industries, Inc.* case no. 1:12-cv-04129 and *Tutor Time Learning v. Gabriel Colmenares and Danick Industries, Inc.* case no. 2:12-cv-04569 and ii) to transfer this case to the Eastern District of New York for the purpose of consolidation to avoid unnecessary duplication of judicial efforts. Actions pending at numbers 1:12-cv-04129 and 2:12-cv-04569 are collectively referred to herein as "the EDNY cases".

## **PRELIMINARY STATEMENT**

Plaintiff Tutor Time Learning Centers, LLC ("Tutor Time") commenced the instant action on May 2, 2013 against Gabriel Colmenares ("Colmenares"), GKO Group, Inc. ("GKO"), and TT of NYC, LLC ("TT of NYC") asserting, *inter alia*, claims for trademark infringement, breach of franchise agreements, and breach of guaranty agreements by Colmenares. *See* Complaint annexed as Exhibit A to Kennedy Declaration. Colmenares is the sole shareholder of GKO and TT of NYC, which operated Tutor Time child care learning centers in the Bronx and Manhattan respectively pursuant to franchise agreements.

Colmenares is currently defending against identical allegations brought by Tutor Time in the Eastern District of New York against Colmenares and former Tutor Time franchisees, Danick Industries, Inc. ("Danick"), KOG Industries, Inc. ("KOG") and Gabeco Industries, Inc. ("Gabeco"), which are all wholly owned by Colmenares. Tutor Time first filed its action against Colmenares, KOG and Gabeco on August 17, 2102 at Case Number 1:12-cv-04129, and the case was assigned to Judge Nicholas G. Garaufis and Magistrate Judge Ramon E. Reyes, Jr. ("First Filed Action"). *See* First Filed Complaint annexed as Exhibit C and Docket Sheet annexed as Exhibit E to Kennedy Declaration. Tutor Time then commenced suit against Colmenares and Danick on September 12, 2012 at Case Number 2:12-cv-04569, and the case was assigned to Judge Leonard D. Wexler and Magistrate Judge Arlene R. Lindsay. *See* Complaint annexed as Exhibit D and Docket Sheet annexed as Exhibit F to Kennedy Declaration.

By letter to the Court, Defendants moved for the later filed case to be designated as related to and consolidated with the First Filed Action. *See* Letter filed October 12, 2012 as Doc. # 28 in First Filed Action annexed as Exhibit G to Kennedy Declaration. Plaintiff objected

arguing that the various franchisees operated at different locations and under separate franchise agreements. *See* Exhibit G.  The Court rejected Plaintiff's arguments and ordered the latter filed action to be reassigned to Judge Garaufis and Magistrate Judge Reyes on October 17, 2012. The matters are now consolidated and proceeding under the case number for the First Filed Action at 1:12-cv-04129.  *See* Exhibit E, October 17, 2012 docket entry.

Defendants to this action have similarly requested that Plaintiff consent to consolidating this action with EDNY cases.  Plaintiff has refused on the basis that the EDNY cases involve franchise agreements separate from the agreements at issue in this case.

## ARGUMENT

### I. THE INSTANT ACTION IS RELATED TO THE EDNY CASES

Local Civil Rule 1.6 "Duty of Attorneys in Related Cases" requires that

(a) It shall be the continuing duty of each attorney appearing in any civil or criminal case to bring promptly to the attention of the Court all facts which said attorney believes are relevant to a determination that said case and one or more pending civil or criminal cases should be heard by the same Judge, in order to avoid unnecessary duplication of judicial effort. As soon as the attorney becomes aware of such relationship, said attorney shall notify the Judges to whom the cases have been assigned.

(b) If counsel fails to comply with Local Civil Rule 1.6(a), the Court may assess reasonable costs directly against counsel whose action has obstructed the effective administration of the Court's business.

**Identical Parties and Counsel**

Plaintiff hereto is the same Plaintiff in the EDNY cases--Tutor Time Learning Centers, LLC.  Plaintiff is represented in all cases by Buchanan Ingersoll & Rooney PC.  The attorney listed on the pleadings in both cases is Stuart Slotnick, Esq.  In the *KOG Industries Case,* Gabriel Colmenares is a named defendant, along with two companies solely owned by Mr.

Colmenares – KOG Industries, Inc. and GabeCo Industries, inc.– which operated Tutor Time childcare centers in Queens and Staten Island respectively. In the *Danick Industries Case,* Mr. Colmenares is again a named defendant along with the company solely owned by Mr. Colmenares – Danick Industries, Inc.– which operated a Tutor Time childcare center in Long Island. Here, again Gabriel Colmenares is a named defendant together with companies solely owned by him, GKO Industries which operated the Bronx location and TT of NYC which operated the Manhattan location. All defendants are represented by French & Casey, LLP and the undersigned specifically.

**Overlapping Facts and Legal Issues**

In each case, the facts to be elicited at trial are expected to be largely the same. Plaintiff and Mr. Colmenares, through his businesses, have had a long-time, ongoing relationship concerning the operation of various Tutor Time childcare centers. The facts and testimony about the parties' relationship, defendants' operation of Tutor Time childcare center and defendants' alleged improper conduct related thereto will be largely the same and/or encompass the parties/matters in the other case.

In fact, issues related to the Bronx and Manhattan locations, which are at issue in this case, have already been raised and resolved by the Eastern District Court. For example, Plaintiff alleged that all of Mr. Colmenares' locations were unlawfully using Plaintiff's "Safe and Sound" program, which was denied. The parties reached an agreement on that dispute by letter dated October 26, 2012, in which prior defense counsel informed Hon. Garaufis that they "have requested that plaintiff's counsel propose a date after October 31, 2012 for remote access at the Staten Island, Queens, Manhattan, Bronx and Deer Park locations." *See* Letter dated October 26,

2012 annexed as Exhibit H to Kennedy Declaration.

Although the Plaintiff opposes consolidation on the basis that the EDNY cases involve franchise agreements separate from the agreements at issue in this case, these are same reasons rejected by the Eastern District when Plaintiff objected to consolidating the separately filed EDNY cases. Plaintiff's reasoning further lack merit here, because if the locations and agreements raised such different facts and law as to warrant separate litigations, by that same logic then Plaintiff would not have filed the instant single complaint against both GKO and TT of NYC. After all, GKO operated a franchise in the Bronx pursuant to a franchise agreement signed in 1999, while TT of NYC was the franchisee for a Manhattan location operating without a signed agreement since 2005.

Further, the legal issues to be addressed in each case will also be largely the same. In each case, plaintiff alleges Lanham Act violations along with claims arising under New York law from defendants' allegedly improperly use of plaintiff's marks and intellectual property. In each case, defendants have also alleged overlapping affirmative defense, such as plaintiff's abandonment of its trademark rights through uncontrolled licensing. Thus, any potential settlement or mediation of these cases will necessarily involve all of the Colmenares' owned entities as part of a global resolution. Each of these factors warrant designating the cases as related pursuant to Local Rule 1.6. *See Digital Sins Inc. v. John Does 1-245*, 2012 WL 1744838, *4 (S.D.N.Y. May 15, 2012)(warning plaintiff's counsel that he faced a potential assessment of costs against him because "This is exactly the situation—three judges ruling separately on cases that should have been consolidated—for which the rule [Local Rule 1.6(a)] was promulgated")(memorandum op.).

## II. THIS ACTION SHOULD BE TRANSFERRED FOR CONSOLIDATION IN THE EDNY PURSUANT TO THE FIRST-FILED RULE

As set forth above, there is clearly a similarity of parties, facts and legal issues between this case and the First Filed Action which should lead to their designation as "related." Further, Local Rule 13 "Transfer of Related Cases" (Division of Business Among District Judges) provides:

> (a) Subject to the limitations set forth below, a civil case, bankruptcy appeal or motion to withdraw the bankruptcy reference will be deemed related to one or more other civil cases, appeals or motions, and will be transferred for consolidation or coordinated pretrial proceedings when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether
>
>> (i) a substantial saving of judicial resources would result; or
>>
>> (ii) the just efficient and economical conduct of the litigations would be advanced; or
>>
>> (iii) the convenience of the parties or witnesses would be served.
>
> Without intending to limit the criteria considered in determining relatedness, a congruence of parties or witnesses or the likelihood of a consolidated or joint trial or joint pre-trial discovery may be deemed relevant.

Rule 13(c)(ii) further provides:

> A case designated as related shall be forwarded to the judge before whom the earlier filed case is then pending who has the sole discretion to accept or reject the case. Cases rejected by the judge as not related shall be assigned by random selection

A substantial savings of judicial resources is likely to result from assigning this case to the same judge and magistrate judge hearing the EDNY cases which were consolidated under the index number for the First Filed Action. Moreover, the just, efficient and economical conduct of the cases will be advanced. Court appearances, discovery and motions concerning these two cases can be efficiently scheduled by counsel, lessening the burden on the court's time

and the burden on the parties' resources. Moreover, as depositions and court appearances could also be efficiently scheduled by counsel, the convenience of the parties and witnesses would likewise be served.

It is a "well-settled principle" in the Second Circuit that "where proceedings involving the same parties and issues are pending simultaneously in different federal courts the first-filed of the two takes priority absent 'special circumstances' or a balance off convenience in favor of the second." *Sotheby's Inc. v. Minor*, No. 08 Civ. 7694, 2009 WL 73134, at *3-4 (S.D.N.Y. Jan. 6, 2009). The first-filed rule is based on principles of judicial economy and efficiency, and seeks to "avoid duplication of judicial effort, avoid vexatious litigation in multiple forums, achieve comprehensive disposition of litigation among parties over related issues, and eliminate the risk of inconsistent adjudication." *Regions Bank v. Wieder & Mastroianni, P.C.* 170 F. Supp. 2d 436, 439 (S.D.N.Y.2001) (quoting *Marshak v. Reed*, 2001 WL 668656, *2, 13 Fed. Appx. 19 (2d Cir. June 8, 2001)).

Pursuant to the first to file rule, to conserve judicial resources, when a duplicative action is filed, courts may issue an order in the interest of justice to conserve judicial resources and prevent inconsistent results. *See Wu v. Stomber, 2011 WL 6225142, *1-2* (S.D.N.Y. Dec. 14 2011) (granting motion to transfer case to "first-filed forum" District of Columbia "where three previously filed actions raise similar claims against CCC and affiliated persons and entities"); *Baker Indus., Inc. v. Cerberus Ltd.*, 549 F. Supp. 312, 314 (S.D.N.Y. 1982) (staying latter filed case and explaining that "[w]hen two actions involving the same parties and issues are pending in two district courts, there is a danger of inconsistent results and duplication of judicial effort. Thus, sound judicial administration requires that, in such circumstances, priority be given to the

first action filed.")

It is of no matter that the various franchises are operated by different limited liability companies ("LLCs"), because all of the LLCs are owned and operated by Defendant Colmenares. Further, as noted above, Colmenares personally guaranteed the obligations of each of the LLCs, and those guarantees form a substantial part of Plaintiff's claims in this action as well as in the First Filed Action. Thus, the parties are sufficiently related for the Court to consider this action as duplicative of the First Filed Action. *See Howard*, 977 F. Supp. at 664 (explaining that "[f]or a second action to be duplicative, it is not necessary that the parties be identical. Rather, if the parties 'represent the same interests' the court may determine the second action to be duplicative"). Although the first-filed rule generally requires a dismissal or stay of a latter filed case, here Defendants are not suggesting one those drastic remedies; instead Defendants only request that all of the related cases be heard together. Consistent with the first-filed rule, Defendants respectfully submit that the appropriate forum for consolidation would be the Eastern District.

### III. A TRANSFER WOULD NOT PREJUDICE PLAINTIFF

Plaintiff would not be prejudiced by a transfer and consolidation of this case in the Eastern District. Since Plaintiff initiated the EDNY cases, they cannot claim surprise or lack of notice. Although the EDNY cases have been pending since 2012, discovery is largely incomplete and no dispositive motions have been filed. At the same time, the Eastern District Court has already resolved heavily contested discovery disputes, which are equally applicable here. *See*, e.g., J. Reyes Order dated and filed April 5, 2013 annexed as Exhibit I to Kennedy Declaration. Therefore, all parties would benefit from not having to relitigate those issues in this

8

Court.

## CONCLUSION

The fact that Defendants were forced to bring this motion itself evidences the need to transfer and consolidate the cases. Plaintiffs' intended arguments in opposition to the relief requested herein have already been heard and rejected by the Eastern District. The cases are clearly "related" for the purpose of Local Civil Rule 1.6, because the parties are substantially similar, the attorneys are identical, and the facts and legal issues overlap. In the interest of judicial economy and the efficient administration of justice, Defendants respectfully request that this matter be designated as related to the First Filed Action/EDNY cases and transferred pursuant to Rule 13 to the Eastern District for further adjudication.

Dated: New York, New York
　　　　September 5, 2013

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　FRENCH & CASEY, LLP

　　　　　　　　　　　　　　　　　　By: /s/Victoria Kennedy
　　　　　　　　　　　　　　　　　　Victoria Kennedy, Esq. (VK-2270)
　　　　　　　　　　　　　　　　　　29 Broadway, 27th Floor
　　　　　　　　　　　　　　　　　　New York, New York 10006
　　　　　　　　　　　　　　　　　　Tel: (212) 797-3544
　　　　　　　　　　　　　　　　　　Fax: (212) 797-3545
　　　　　　　　　　　　　　　　　　vkennedy@frenchcasey.com
　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　GKO GROUP, INC., TT OF NYC, LLC and GABRIEL COLMENARES