UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

TUTOR TIME LEARNING CENTERS, LLC,

                Plaintiff,                              Case No. 13-cv-2980 (JMF)

     -against-

GKO GROUP, INC., TT OF NYC, LLC and
GABRIEL COLMENARES,

                Defendants.

-----------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO DESIGNATE CASE AS RELATED
AND TRANSFER TO THE EASTERN DISTRICT OF NEW YORK**

BUCHANAN INGERSOLL & ROONEY, P.C.

Stuart P. Slotnick
Lauren A. Isaacoff
1290 Avenue of the Americas, 30th Floor
New York, New York 10104
Tel. (212) 440-4400
Fax (212) 440-4401

*Attorneys for Plaintiff Tutor Time Learning Centers, LLC*

## **TABLE OF CONTENTS**

PRELIMNARY STATEMENT ........................................................................................................1

STATEMENT OF RELEVANT FACTS ........................................................................................2

ARGUMENT ...................................................................................................................................4

I.    BECAUSE THE SDNY ACTION IS NOT RELATED TO ...............................................4
       THE EDNY ACTION, TRANSFER IS UNWARRANTED ...............................................4

II.   TRANSFER OF THE INSTANT ACTION TO THE EDNY WILL *NOT*
       PROMOTE EFFICIENCY, ECONOMY OR CONVENIENCE .........................................6

CONCLUSION ..............................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Augume Tech., Inc. v. AOL, Inc.*, 2012 WL 2402065, *1-3 (S.D.N.Y. June 26, 2012) ............................................................................................................................... 7
*Baker Industries, Inc. v. Cerberus Ltd.*, 549 F.Supp. 312 (S.D.N.Y. 1982) .................................. 6
*Chevron Corp. v. Donzinger, et al.*, 2011 WL 979609, * at 1-2 (S.D.N.Y. March 7, 2011) ............................................................................................................................... 7
*Gladwin v. Pozzi*, 2010 WL 245575, at *1 (S.D.N.Y. Jan. 22, 2010) ........................................... 7
*Merriweather v. Sherwood*, 2002 WL 1066755, at * 5 (S.D.N.Y. May 28, 2002) ........................ 7
*Naula v. Rite Aid of New York*, 2010 WL 2399364, * 1,3 (S.D.N.Y. March 23, 2010) ............................................................................................................................... 4
*Puglisi v. Underhill Taxpayers Assn.*, 159 F.R.D. 416 (S.D.N.Y. 1994) ................................. 7, 8
*Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F.Supp.2d 436 (S.D.N.Y. 2001) ............................................................................................................................... 6
*Sotheby's, Inc. v. Minor*, 2009 WL 73134, at *2 (S.D.N.Y. Jan. 6, 2009) ................................... 5
*Thrower v. Pozzi*, 2002 WL 91612, at *9 (S.D.N.Y. Jan. 24, 2002) ......................................... 7, 8

**Other Authorities**

Rule 13 of the Rules for Division Among District Judges, Southern District ...................... passim
S.D.N.Y. Local Civil Rule 1.6 .................................................................................................. 4

## PRELIMNARY STATEMENT

Plaintiff Tutor Time Learning Centers, LLC ("Plaintiff or Tutor Time") submits this brief in opposition to Defendants' GKO Group, Inc. ("GKO"), TT of NYC, LLC ("TTNYC") and Gabriel Colmenares ("Colmenares," and together with GKO and TTNYC, "SDNY Defendants") motion to: (1) designate the instant action, pursuant to Local Rule ("L.R.") 1.6 of the Southern and Eastern Districts of New York, as a related action to an Eastern District case pending there;[1] and (2) transfer this case to the Eastern District of New York ("EDNY") for the purposes of consolidation. (Dkt. Nos. 14-16, "Defendants' Motion").

As an initial matter, Defendants' Motion, although not characterized as such, is an attempt to transfer venue of the instant action to another district court outside the Southern District. Yet, Defendants predicate their Motion requesting a "transfer" of the instant action (the "SDNY Action") to the EDNY on L.R. 1.6 and Rule 13 of the Southern District Rules for the Division of Business Among Judges ("Rule 13") which govern ***intra-district*** relatedness of cases and transfers, or rather, reassignments to judges <u>within the same</u> district court.[2] Moreover, even if the instant SDNY Action is transferred to the EDNY, which it should not be, defendants would still need to move to consolidate the actions with the Judge in the EDNY, which Plaintiff would oppose for a multitude of reasons.

Nevertheless, even if this Court finds that Rule 13 permits a transfer of venue to another outside district court, which it cannot, Defendants' Motion must be denied because: (1) the cases are not related; and (2) a transfer will not serve judicial efficiency or economy. As set forth in detail below, contrary to Defendants assertion, the instant action and the EDNY Action do not

---

[1] The consolidated EDNY case is styled as *Tutor Time Leaning Centers, LLC v. KOG Industries, et al.*, Docket No. 12-cv-4129 (NGG) (RER) and is pending before the Honorable Nicholas Garaufis, U.S.D.J. ("EDNY Action").

[2] The Southern District Rules for the Division of Business Among Judges are generally referred to herein as "RDB."

contain "identical allegations," "overlapping facts and legal issues," or " facts and testimony . . . largely the same." (D. Br.). Rather, each action involves different and distinct parties, facilities/locations, agreements, facts, evidence and witnesses. And, significantly, the SDNY Action and the EDNY are at different stages in their proceedings such that a transfer or combing of the cases will only considerably slow the progression of the EDNY Action currently at an advanced stage in litigation. Such a setback would prejudice Plaintiff by delaying the adjudication thereof. Thus, a transfer of this case to the EDNY will not result in judicial efficiency, economy or convenience.

## STATEMENT OF RELEVANT FACTS

### *The Instant/SDNY Action*

Plaintiff is a franchise system widely known as a provider of childcare and educational services in the United States. Plaintiff has the exclusive right to use and license its trademarks, which are used by its franchisees to provide childcare and education services to the public under the Tutor Time® name. The instant action, commenced on May 2, 2013, seeks damages for, *inter alia*, trademark infringement, unfair competition and breach of contract related to two franchisee childcare centers located within the SDNY and operated by defendants TTNYC and GKO respectively. (Dkt. No. 1, "SDNY Complaint").[3] Plaintiff alleges that GKO, which operates a childcare center in the Bronx pursuant to a 1999 franchise agreement with Plaintiff personally guaranteed by Defendant Colmenares, breached the agreement by failing to, *inter alia*, maintain and keep records as prescribed by Plaintiff, supply financial reports to Plaintiff and make monthly royalty payments and contributions to an advertising fund and thus, was in default thereunder. (SDNY Complaint, ¶¶ 14-45). Similarly, the SDNY Complaint further

---

[3] The SDNY Complaint is attached as Exhibit A to the Declaration of Victoria Kennedy ("Kennedy Decl.") submitted in support of Defendants' Motion. (Dkt. No. 15).

alleges that TTNYC, which operates a childcare center here in Manhattan pursuant to a later 2005 franchise agreement with Plaintiff, personally guaranteed by Colmenares, breached the agreement by failing to, *inter alia*, maintain and keep records as prescribed by Plaintiff, supply financial reports to Plaintiff and make monthly royalty payments and contributions to an advertising fund and thus, was in default thereunder. (SDNY Complaint, ¶¶ 46-75). Both TTNYC and GKO are owned by Colmenares.

*The EDNY Action*

On the other hand, almost a year prior to the commencement of the SDNY Action, on August 17, 2012, Plaintiff commenced the first EDNY Action. (Dkt. No. 1, "EDNY Complaint").[4] The EDNY Action involves three different and distinct defendant corporations operating under three different agreements, each of which is a different type of agreement (i.e., Licensor agreement, Developer agreement and Franchise Agreement). Defendant KOG Industries, Inc. ("KOG") operates a childcare center in Queens pursuant to a 2000 franchise agreement, Gabeco Industries, Inc. ("Gabeco") operates a childcare center in Staten Island and Danick Industries, Inc. ("Danick," together with KOG, Gabeco and Colmenares, the "EDNY Defendants") operates a childcare center in Deer Park, Long Island pursuant to a management or developer agreement.

Just like the defendants, the claims in the EDNY Action are also different and distinct from the SDNY Action. There, Plaintiff asserts claims for, *inter alia*, trademark infringement and unfair competition against the EDNY Defendants pursuant to the separate agreements relating to each respective childcare center. Additionally, Plaintiff claims that Gabeco and

---

[4] The EDNY Complaint is attached as Exhibits C to the Kennedy Declaration. The second-filed and now consolidated complaint in *Tutor Time Learning Centers, LLC v. Danick Industries, Inc., et al.* is attached to the Kennedy Declaration as Exhibit D.

3

Colmenares impermissibly operated the Staten Island facility as a Tutor Time franchise using and infringing upon Tutor Time's name and trademarks without executing the proposed discussed agreement. (EDNY Complaint, ¶¶ 15-26).

## ARGUMENT

### I. BECAUSE THE SDNY ACTION IS NOT RELATED TO THE EDNY ACTION, TRANSFER IS UNWARRANTED

*The Parties are Not Identical*

To support their Motion to transfer, Defendants claim that the instant action is related to the EDNY Action and even suggest, incorrectly, that there are "identical parties and counsel." (D. Br., 3). Defendants' cite Local Rule 1.6 which provides, in part, that attorneys who are commencing actions in the SDNY must advise the court of "all facts which said attorney believes are relevant to a determination that said case and one or more pending civil or criminal actions should be heard by the same Judge" to avoid duplication of effort. L.R. 1.6. However, unlike the situation here, L.R. 1.6 is relevant to related cases within the **same district**. *See, e.g., Naula v. Rite Aid of New York*, 2010 WL 2399364, * 1,3 (S.D.N.Y. March 23, 2010) (noting that L.R. 1.6 notice of related cases was filed in cases both proceeding in the Southern District of New York). While it is true that, at the present time, as a result of a recent change in counsel, the attorneys in both cases are the same,[5] such a factor is insufficient to deem cases "related." The parties in both actions are ***not identical***. Quite the opposite is true. The EDNY Defendants are three corporate entities located and operating within the bounds of the EDNY (Queens, Staten Island and Long Island). The instant SDNY Action involves two ***different*** corporate defendants located and operating within the bounds of the SDNY (Manhattan and the Bronx).

---

[5] The attorneys of record are currently the same in both cases. However, that similarity is of no moment because the EDNY Defendants' new current counsel in the EDNY Action, French & Casey, LLP, who just entered an appearance at the end of last month, are now the *third* set of attorneys representing the EDNY Defendants.

Defendant Colmenares happens to be a principle of the corporate defendants, but he is the *only* similar defendant between the two actions among five corporate defendants. Moreover, the fact that each of the defendants operate a similar type of business is completely irrelevant because the five different corporate entities are, as stated above, governed by different agreements.

<u>*The Issues are Not Identical*</u>

Defendants also incorrectly argue that the legal issues in the instant case and the EDNY Action "will [] largely be the same." (D. Br., 5). Specifically, Defendants argue that defendants' "alleged improper conduct . . . will largely be the same and/or encompass the parties/matters in the other case." (D.Br., 4). However, as expressed herein, each action is predicated on different and distinct parties and agreements regarding childcare facilities operating in different jurisdictions. Those agreements, between different parties, each confer different rights, obligations and liabilities and have different terms, expiration dates and restrictions. Plaintiff is asserting its rights, which are different in each case, under those agreements against each of the independent defendant corporations. For instance, in the EDNY Action Plaintiff, is pursuing its rights against the three corporate defendants under different types of agreements (e.g., developer, license and franchise). However, in the instant action, Plaintiff's is seeking damages under, *inter alia*, two different franchise agreements. Thus, the legal issues in each case are not (nor can they be) identical.

Notably, the cases cited by Defendants involve situations markedly different from the instant Motion to transfer. The cases cited by Defendants (*see* D. Br., 7) involve situations where a party moved to dismiss an action because of an "identical" or "duplicative" case pending elsewhere. *See, e.g., Sotheby's, Inc. v. Minor*, 2009 WL 73134, at *2 (S.D.N.Y. Jan. 6, 2009) (granting motion to enjoin defendant's "duplicative lawsuit" because of "***identical parties and the same legal and factual issues***") (emphasis added); *Baker Industries, Inc. v. Cerberus Ltd.*,

5

549 F.Supp. 312, 314 (S.D.N.Y. 1982) (denying motion to dismiss, but staying case with "*identical* parties and *identical* issues" pending resolution of case proceeding in another district) (emphasis added); *Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F.Supp.2d 436, 439-40 (S.D.N.Y. 2001) (denying motion to dismiss, but staying case pending conclusion of prior filed action involving "*duplicative litigation*") (emphasis added). However, here Defendants did not move to dismiss or stay (nor could they have), because unlike the cases they cite, the parties and issues here are *not identical*, or even sufficiently similar to warrant a stay.

### *The Evidence and Witnesses are Not Identical*

Not only does each defendant/childcare center operate under a different agreement, but each defendant has separate employees, separate facilities/locations, separate documents and separate files. As such, the evidence and witnesses for each case will be different and will likely include individuals that work for each respective defendant corporation/childcare center to be ascertained during discovery. Thus, transferring the case to the EDNY (and even consolidation) would only cause unnecessary complication for the jury, who would have to understand five different agreements and five different defendants' breaches thereof and hear evidence and testimony regarding five different childcare centers. Therefore, the cases are not related and for this reason, Defendants' Motion must be denied.

## II. TRANSFER OF THE INSTANT ACTION TO THE EDNY WILL *NOT* PROMOTE EFFICIENCY, ECONOMY OR CONVENIENCE

### *Rule 13 of the RDB is Inapplicable to Motions to Transfer Venue*

Defendants' rely on Rule 13 of the Rules for the Division of Business Among Judges in their Motion seeking a transfer of venue of the instant action from the SDNY to the EDNY. Rule 13 provides, in relevant part, that cases "deemed related . . . will be transferred for consolidation or coordinated pretrial proceedings when the interests of justice and efficiency will

be served." Rule 13(a). As an initial matter, as stated above, Rule 13 governs transfers, or rather, reassignments, of cases between judges of the ***same district***. *Thrower v. Pozzi*, 2002 WL 91612, at *9 (S.D.N.Y. Jan. 24, 2002) (noting that the RDB govern reassignments of cases in the ***same district*** and denying motion to transfer case from Foley Square to White Plains based upon section 1404).[6] Moreover, as expressly set forth in the Preamble of the RDB "[t]hese rules are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys . . ." Thus, Rule 13 regarding reassignment of related cases does not bestow any rights upon litigants seeking a transfer of a case or matter to a different judge within the same district or a transfer of venue of a case to an outside district. *See, Puglisi v. Underhill Taxpayers Assn.*, 159 F.R.D. 416, 417 (S.D.N.Y. 1994) (discussing denial of motion to transfer case based solely on the RDB from Manhattan to White Plains because parties have "no enforceable rights under this court's Rules for the Division of Business Among District Judges, as the Preamble to those Rules recites"). The fact the Rule 13 does not confer rights on litigants is even further evident in section (c)(ii) of Rule 13 which states that a judge before whom an earlier related case is pending has, "sole discretion to accept or reject the case." Rule 13(c)(ii).

Thus, Rule 13 does not relate to transfers of venue and since Defendants' failed to move for a transfer of venue pursuant to 28 U.S.C. § 1404, which for that reason is not addressed in

---

[6] *See also, e.g., Augume Tech., Inc. v. AOL, Inc.*, 2012 WL 2402065, *1-3 (S.D.N.Y. June 26, 2012) (Sweet, J.) (applying Rule 13 to ***intra-district*** transfer and noting that under Rule 13, "if a *judge* assigned to a case has reason to believe that case should be transferred, the assigned *judge* shall refer the question to the judge who would receive the transfer" and therefore, the Hon. Judge McMahon graciously accepted transfer of severed patent claims) (emphasis added); *Chevron Corp. v. Donzinger, et al.*, 2011 WL 979609, * at 1-2 (S.D.N.Y. March 7, 2011) (applying Rule 13 to ***intra-district*** transfer and denying motion to transfer, pursuant to the Rules for the Division of Business among District Judges, from the Hon. Lewis A. Kaplan to the Hon. Jed R. Rakoff) (emphasis added); *Gladwin v. Pozzi*, 2010 WL 245575, at *1 (S.D.N.Y. Jan. 22, 2010) (noting that the motion was transferred ***intra-district*** the Hon. John F. Keenan with the consent of the Hon. Stephen Robinson before whom the motion was original filed and citing Rule 13); *Merriweather v. Sherwood*, 2002 WL 1066755, at * 5 (S.D.N.Y. May 28, 2002) (applying rule to ***intra-district*** transfer).

7

this opposition, their Motion must be denied. *See, e.g., Puglisi,* 159 F.R.D. at 417 (addressing prior denial of motion to transfer case based solely on the RDB); *Thrower,* 2002 WL 91612, at *9.

### *The Instant/SDNY Action Does Not Meet the Criteria for a Transfer Under Rule 13*

Notwithstanding that Rule 13 is inapplicable to motions to transfer venue, should this Court consider Rule 13, Defendants' Motion still fails. In determining a transfer under Rule 13, a judge is to consider if one of the three criteria set forth in the rule applies, that is whether: (i) a substantial saving of judicial resources would result; or (ii) the just efficient and economical conduct of the litigation would be advanced; or (iii) the convenience of the parties or witnesses would be served. Rule 13(a)(i)-(iii) (emphasis added). Despite Defendants assertions that a transfer would be beneficial to all involved and would save judicial resources (D. Br., 6), the opposite is true.

A transfer of this action to the EDNY would not result in a saving of judicial resources. Rule 13(a)(i). The EDNY Action is significantly more advanced in pre-trial proceedings such that transfer of or combining these cases would only cause delay to allow the SDNY Action to "catch-up" to the EDNY Action. (*See* Exhibits E and F to the Kennedy Decl.). Following lengthy and contentious discovery disputes six months ago, paper discovery is soon to be largely complete in the EDNY Action. While the discovery schedule was abandoned by the Court and stayed to allow Defendants' change in counsel, this week, the parties are to file their second joint status report advising the Court of the progress that has been made. (*See* Dkt. Nos. 66-68). Moreover, pursuant to Magistrate Judge Reyes' order dated April 5, 2013 (Dkt. No. 56), Plaintiff has harvested and pulled together approximately 15,000-plus pages of documents specifically related to the EDNY Action which will be produced to the EDNY Defendants shortly.

On the other hand, in the instant SDNY Action, other than a discovery schedule and Plaintiff's propounding its discovery requests, absolutely no discovery responses have even changed hands. In fact, Plaintiff has agreed in principal to consent to an extension for Defendants to propound their discovery requests, subject to a written agreement. Thus, the transfer and consolidation would halt the conclusion of discovery in the EDNY Action essentially opening up discovery which would unnecessarily delay the EDNY Action and require the Court's further involvement.

Further, a transfer of this action would not promote "just efficient and economical conduct." Rule 13(a)(ii). In addition to the delay on the adjudication of the EDNY Action, as expressed herein, because the witnesses will be different, combining the cases will not have any cost-saving effect on depositions. The only potential slight cost-saving outcome would be the possibility of combining of in-court appearances and this may not even result in cost-savings because the parties have proceeded via telephone before Magistrate Judge Reyes and may continue to do so. (*See* Dkt. at 5/23/2013). Therefore, a transfer and combining of these cases would not be economical for the parties.

Finally, as also set forth above, the convenience of the parties and/or witnesses would not be served by a transfer to the EDNY. Rule 13(a)(iii). Both TTNYC and GKO are entities located in and doing business within the SDNY.[7] Most of the witnesses, relevant physical evidence and documents related to this action are located within the bounds of the SDNY as that is where Defendants' facilities are located, in addition both counsel for the parties. Thus, there is no compelling reason to disrupt Plaintiff's choice of the SDNY to pursue the instant action especially when it would be *less* convenient for most witnesses. Accordingly, the factors set

---

[7] The proposed transferee district is *not* the home forum of the childcare centers operated by TTNYC and GKO, whereas the EDNY *is* the home forum of the EDNY Defendants.

9

forth in Rule 13 of the RDB for *intra-district* transfers weigh against a transfer of the instant action to the EDNY and Defendants' Motion to transfer must be denied.

## CONCLUSION

For the reasons set forth herein, Plaintiff Tutor Time Learning Centers, LLC respectfully requests that this Court deny Defendants' Motion to designate the instant action as related and transfer to the Eastern District of New York and for such other and further relief as is just and proper.

Dated:  New York, New York
        September 25, 2013

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY, P.C.**
*Attorneys for Plaintiff Tutor Time Learning Centers, LLC*

/s/ Stuart P. Slotnick

Stuart P. Slotnick
Lauren A. Isaacoff
1290 Avenue of the Americas, 30th Floor
New York, New York 10104
Tel. (212) 440-4400
Fax (212) 440-4401