Joseph A. French, Esq. (JAF-3580)
Victoria Kennedy, Esq. (VK-2270)
29 Broadway, 27th Floor
New York, New York 10006
Ph:  (212) 797-3544
Fax: (212) 797-3545
vkennedy@frenchcasey.com

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TUTOR TIME® LEARNING CENTERS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   13 Civ. 2980 (JMF) |
| | ) | |
| v. | ) | **REPLY MEMORANDUM** |
| | ) | |
| GKO GROUP, INC., TT OF NYC, LLC and | ) | |
| GABRIEL COLMENARES, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants GKO Group, Inc., TT of NYC, LLC and Gabriel Colmenares ("Defendants"), through undersigned counsel, hereby Reply to Plaintiff's opposition to Defendants' motion pursuant to Local Civil Rule 1.6 and Southern District of New York Rule 13 for the Division of Business Among District Judges i) to designate this case as related to two cases pending in the Eastern District of New York styled as *Tutor Time Learning v. Gabriel Colmenares, KOG Industries, Inc. and Gabeco Industries, Inc.* case no. 1:12-cv-04129 and *Tutor Time Learning v. Gabriel Colmenares and Danick Industries, Inc.* case no. 2:12-cv-04569 and ii) to transfer this case to the Eastern District of New York for the purpose of consolidation to avoid unnecessary duplication of judicial efforts.  Actions pending at numbers 1:12-cv-04129 and 2:12-cv-04569 are collectively referred to herein as "the EDNY Cases".

## PRELIMINARY STATEMENT

Plaintiff has opposed Defendants' Motion to Transfer arguing that the instant litigation is not related to the litigation pending in the Eastern District of New York and that Defendants do not have a right to move to transfer the case.   Plaintiff also claims that they will be prejudiced by any transfer, because the EDNY Cases have progressed too far to be consolidated with another action. *See generally* Plaintiff's Opposition Memorandum of Law, dated September 25, 2013 ("Opposition" or "Opp. Mem.").   None of Plaintiff's arguments have merit, because the parties, claims, defenses, witnesses and attorneys are identical; this Court is vested with the authority to transfer the instant case subject to the consent of the presiding the judge in the Eastern District; and although the EDNY Cases have been pending for a year, there has been little progress due to various stays, stalled settlement discussions and Defendants' change of counsel.[1]

## ARGUMENT

*Identical Parties, Issues and Attorneys*

In opposing the instant motion to transfer, Plaintiff attempts to place form over substance by arguing the cases are distinct, but the substantial overlap of the cases is readily apparent.  In all cases, Plaintiff Tutor Time Learning Center has sued Gabriel Colmenares for breach of contract after terminating his franchise agreements for non-payment of royalty fees.  Plaintiff has also alleged trademark infringement during the period of time between Plaintiff's termination and September 1, 2012, when Colmenares de-identified all of his centers from the Tutor Time name, and unfair competition in connection with Colmenares' continued operation of allegedly competing child care centers.  These allegations are the same in all of the complaints. (See

---

[1] To the extent Plaintiff is correct that USC § 1404 (a) is the more appropriate vehicle for the instant motion, Defendants respectfully submit that the arguments and case law cited are equally applicable to such a transfer.

Plaintiff's Complaints attached as Exhibits A, C, and D to Kennedy Declaration, dated September 5, 2013 ("Kennedy Decl.")).  Plaintiff's own Opposition admits as much: Page 2 of the Opp. Mem. asserts, "The instant action, commenced on May 2, 2013, seeks damages for, *inter alia* trademark infringement, unfair competition and breach of contract related to two franchisee childcare centers located within the SDNY and operated by defendants TTNYC and GKO respectively".  Then on Page 3 of the Opp. Mem., Plaintiff describes the EDNY Cases as "There, Plaintiff asserts claims for, *inter alia*, trademark infringement and unfair competition against the EDNY Defendants pursuant to the separate agreements relating to each respective childcare center."  (See Opp. Mem. at pp. 2-3).

Moreover, although Colmenares formed separate legal entities for each center, e.g. GKO Group, Inc., KOG Industries, Inc., etc., he remained the sole shareholder and operator of each child care center.  Similarly, the substance of the agreements between Plaintiff and Colmenares were the same, and Colmenares was the signator for all of the agreements.  Plaintiff terminated the franchises around the same time in July 2012 and Colmenares completed the de-identification of each center on the same day, September 1, 2012.  Finally, as previously shown, the attorneys are identical.

*The Courts May Transfer A Case Between Districts In The Interest of Judicial Economy Pursuant to the First-Filed Rule*

Contrary to Plaintiff's interpretation of the motion to transfer, Defendants are not claiming any vested rights under the Rules for the Division of Business Among District Judges (see Opp. Mem. at pp. 6-7). Instead, Defendants correctly point to the Rules and the "first-filed" principle as the appropriate bases for the Court to exercise its discretion to transfer the instant litigation to be tried together with the related case in the Eastern District of New York.  In fact,

3

the cases cited by Plaintiff affirm that related cases should be consolidated and litigated together.

In particular, Plaintiff cites to *Puglisi v. Underhill Taxpayers Assoc.*, 159 F.R.D. 416 (SDNY 1994) on page 7 of their Opp. Mem., which is instructive here. In *Puglisi*, two cases, "Underhill" and "Caroll" had been filed a year apart in the Southern District of New York. After Judge Motley accepted the assignment of Caroll because it was related to Underhill, the defendants in Caroll moved to transfer that case to the White Plains location.  Judge Motley denied the motion on the basis that although the individual defendants were different, the two cases were "unquestionably related" because the plaintiff and claims were the same, and thus it would be a "waste of judicial resources" to transfer the Carroll case to be heard separately from Underhill. *See* 159 F.R.D. at 418 (emphasis added).  The Court also explained that litigating the related cases before separate justices would "run the risk of inconsistent findings and rulings". *Id.*  In other words, contrary to Plaintiff's misinterpretation of the *Puglisi* holding in their Opposition Memorandum, the Court in Puglisi denied the motion to transfer precisely to keep the related cases together.

Then, Plaintiff's position that the cases can only be transferred "intra-district" or else only if the initial venue was improper pursuant to USC § 1404(a) is patently incorrect.[2]  This Court has previously explained that "[t]he interest of justice is a separate component of the Court's § 1404(a) transfer analysis, and may be determinative in a particular case ...." *Tate-Small v Saks Inc.,* 12 CV 1008 HB, 2012 WL 1957709 *5 (SDNY May 31, 2012)(granting motion to transfer to case to California pursuant to the first-filed rule for the purpose of consolidation with pending case in that state).  Plaintiff also ignores the significant case law put forth by Defendants

---

[2] Further, the EDNY is also a proper venue for the instant case since Defendant Gabriel Colmenares is located in Queens.

showing that related cases may be transferred between judicial districts within the presiding justices' discretion and consent, e.g. *Sotheby's Inc. v. Minor*, No. 08 Civ. 7694, 2009 WL 73134 (S.D.N.Y. Jan. 6, 2009) and *Wu v. Stomber, 2011 WL 6225142* (S.D.N.Y. Dec. 14 2011) (*see* Defendants' Memorandum of Law at pp. 7-8).  Importantly, while the cases cited by Plaintiff might be examples of intra-district transfers, those cases do not stand for the proposition that cases can *only* be transferred intra-district.  (See Opp. Mem. at pp. 6-7, n.6.)

### *Plaintiff Has Not Demonstrated Any Prejudice Will Result From A Transfer and Consolidation*

Plaintiff's contention before this Court that they will be prejudiced by a transfer and consolidation because EDNY Cases "[are] significantly more advanced in pre-trial proceedings" and that "paper discovery is soon to be largely complete in the EDNY Action" (*see* Opp. Mem. at p. 8) is belied by a review of the EDNY docket reports (*See* Kennedy Decl., Docket Reports at Exhibits E and F).  This contention is also contradicted by Plaintiff's recent representation before the EDNY Judge that discovery is substantially incomplete in the EDNY Cases.  In a joint status report drafted by Plaintiff's counsel and submitted to Judge Reyes, Plaintiff acknowledges that they have collected but not yet produced over 15,000 pages of discovery, that the parties have not yet agreed on the scope of the "attorney's eyes designation", that Judge Reyes has not yet signed a protective order and Plaintiff also lists a wide range of documents and information that they claim to be owed by Defendants.[3]

The Joint Status Report also makes clear that Defendants would prefer to mediate these cases. Any mediation and/or settlement would be for resolution of all litigations between

---

[3] The Joint Status Report, dated September 27, 2013 is filed electronically at Document # 72, *Tutor Time Learning v. Gabriel Colmenares, KOG Industries, Inc. and Gabeco Industries, Inc.* case no. 1:12-cv-04129.

Colmenares and Tutor Time, and therefore it makes logical sense for all of the litigations to be heard by the same Court.

Finally, it is telling that Plaintiff does not claim that the SDNY is a more convenient forum for itself; instead Plaintiff argues that SDNY is more convenient for the Defendants and counsel (see Opp. Mem. at p. 9).  There is no relative convenience between the SDNY and EDNY as to Plaintiff, which is located in Michigan or to Defendants TT of NYC which is located in midtown Manhattan and GKO located in the Bronx.  At the same time forcing Defendant Colmenares, the common party and the primary witness in each of the cases (who is also located in Queens) to defend multiple cases in multiple jurisdictions would minimize whatever convenience could possibly be afforded by keeping the instant case in the SDNY. Thus, on balance, the EDNY which is overseeing the first filed action between these parties would be the more convenient forum.

## CONCLUSION

Plaintiff's opposition to a transfer and consolidation of the cases is a blatant strategy to outspend Defendant Gabriel Colmenares by forcing him to litigate multiple cases in several jurisdictions.  Defendant Colmenares is the sole shareholder and manager of each corporate entity named as a defendant herein as well as the defendants named in the EDNY Cases.  He is not a large corporation with multiple officers spread out in accordance with the franchise locations.  Instead, Colmenares operated the Tutor Time franchises and continues to operate child care/learning centers individually with the assistance of a few staff members.  The issues presented in the instant case are identical to those before the EDNY Court.  Moreover, discovery

in the EDNY Cases is still in relatively initial stages.  It would undoubtedly serve the interests of judicial economy and efficiency to transfer the instant case to the EDNY to be heard and possibly mediated together with the related EDNY Cases pending before that Court.

Dated: New York, New York
       October 9, 2013

                              Respectfully submitted,

                              FRENCH & CASEY, LLP

                              By: /s/Victoria Kennedy
                              Victoria Kennedy, Esq. (VK-2270)
                              29 Broadway, 27th Floor
                              New York, New York 10006
                              Tel: (212) 797-3544
                              Fax: (212) 797-3545
                              vkennedy@frenchcasey.com
                              Attorneys for Defendants
                              GKO GROUP, INC., TT OF NYC, LLC and GABRIEL
                              COLMENARES