USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/15/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
TUTOR TIME LEARNING CENTERS, LLC,             :
:
                 Plaintiff,             :         13 Civ. 2980 (JMF)
:
    -v-                             :         MEMORANDUM OPINION
:         AND ORDER
GKO GROUP, INC., et al,                       :
:
                 Defendants.            :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Tutor Time Learning Centers, LLC, brings claims of trademark infringement, unfair competition, and breach of contract against Defendants GKO Group, Inc.; TT of NYC, LLC; and Gabriel Colmenares. On September 5, 2013, Defendants filed a motion, pursuant to S.D.N.Y. Local Rule 1.6 and Rule 13 of the Southern District Rules for the Division of Business Among Judges, to transfer the case to the United States District Court for the Eastern District of New York, where two cases brought by Plaintiff against Colmenares and other corporate entities are now pending. *See Tutor Time Learning v. Colmenares et al.*, Docket No. 1:12-cv-04129 (E.D.N.Y.); *Tutor Time Learning v. Colmenares et al.*, Docket No. 2:12-cv-04569 (E.D.N.Y.). (Docket No. 14).

      Defendants' motion is meritless for one simple reason: This Court's Local Rules and the Rules for the Division of Business Among Judges do not provide a basis to transfer cases from this district to another district. At most, Local Rule 1.6 requires that a lawyer bring to the Court's attention the existence of another case that is related; even assuming *arguendo* that the Rule extends to cases pending in other districts (a questionable proposition), it does not grant the Court authority to transfer a case to that other district. The Rules for the Division of Business Among Judges, meanwhile, are, by their

terms, a set of rules adopted by the Southern District of New York for "the *internal* management of the case load of the court." Rules for the Division of Business Among Judges, pmbl. (emphasis added). They have no bearing on inter-district transfers, which are governed by 28 U.S.C. § 1404.

In a footnote in their reply brief, Defendants do invoke Section 1404, stating that "[t]o the extent . . . that USC § 1404(a) is the more appropriate vehicle for the instant motion, Defendants respectfully submit that the arguments and case law cited are equally applicable to such a transfer." (Reply Mem. 2 n.1). But arguments raised for the first time in a reply memorandum are waived and need not be considered. *See, e.g.*, *Connecticut Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010); *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 169 (2d Cir. 2006). Moreover, even if that were not the case, Defendants conclusory (and, not for nothing, inaccurate) statement that the authorities they cite are "equally applicable" to Section 1404(a) does not suffice to raise the argument. *See, e.g.*, *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived . . . .").

Accordingly, Defendants' motion to transfer is DENIED. The Clerk of Court is directed to terminate Docket No. 14.

SO ORDERED.

Dated: October 15, 2013
      New York, New York

_____
JESSE M. FURMAN
United States District Judge